IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                              ) | CRIMINAL ACTION FILE NO. |
| ) | 1:06-CR-147-CC-GGB |
| SYED HARIS AHMED and    ) | |
| EHSANUL ISLAM SADEQUEE, ) | |

## MEDIA INTERVENORS' RESPONSE
## TO GOVERNMENT'S MOTIONS FOR PROTECTIVE ORDERS

The Atlanta Journal-Constitution, Associated Press, CNN and WSB-TV ("Media Intervenors") respectfully submit this response to the Government's Motion for a Protective Order for Classified Discovery Materials [Docket No. 65] and the Government's Motion for a Protective Order for Unclassified Discovery Material [Docket No. 66].

## INTRODUCTION

The Government's dual motions for protective orders profess to be an effort to limit disclosure of records while they are exchanged between and among the parties during the discovery process. In fact, the proposed orders sweep far beyond mere discovery.

Each order attempts to rewrite the well-established law holding that all filings with the Court must be public unless the Government can meet a heavy burden demonstrating a compelling basis for their closure.

With respect to the proposed protective order for *classified* information, even assuming the Government has a compelling basis to require filings be redacted to eliminate such information, the Government's proposed order fails to incorporate certain constitutional provisions that protect the public's right of access in a case such as this.

With respect to *unclassified* information, the Government's proposed protective order is patently improper. In a single stroke, it seeks to put aside entirely the presumption of a public court system. Indeed, it seeks to seal virtually all unclassified filings in this case. Then, apparently sensing that a "seal everything" system cannot comport with the constitution, the Government simply passes the responsibility to the Court to figure out how to restore some semblance of constitutional rights by belatedly unsealing records.

Shifting this burden to the Court is not just unconstitutional, it is unworkable. The Court is hardly in a position to know what unclassified records from a Government investigation rise to the level of needing to be sealed. Indeed, it is for precisely this reason that the law places the burden squarely on the Government to demonstrate, in a particularized fashion, what unclassified records, if any, should be sealed.

Because the Government has not even attempted to meet its burden to seal unclassified records, the Government's motion for a protective order on

unclassified information should be rejected to the extent it seeks to sweep beyond the exchange of information in discovery. Without such a modification, the Government's proposed order plainly violates the well-established law of this Circuit.

## ARGUMENT AND CITATION OF AUTHORITY

### I. By Seeking to Seal Information Filed with the Court, the Government Must Meet A Well-Established Constitutional Standard.

The right of the public and of the press to inspect and copy judicial records is beyond dispute. In Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 100 S. Ct. 2814 (1980), the United States Supreme Court recognized that public access to judicial proceedings and court records is at the very foundation of the American judicial system. Specifically addressing criminal trials, then Chief Justice Burger's opinion reached back to the time of the Norman Conquest to find an "unbroken, uncontradicted history, supported by reasons as valid today as in centuries past" to support the presumption of openness. Id. at 573, 100 S. Ct. at 2825 (plurality opinion).

Following Richmond Newspapers, the Supreme Court has repeatedly emphasized that openness with respect to *pretrial* proceedings and records is similarly essential to preserving public confidence in our judicial system. See, e.g., Press Enterprise Co. v. Superior Court (Press Enterprise I), 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (reversing state court's closure of voir dire); Waller v.

Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) (closure of criminal suppression hearing was overbroad and unconstitutional), Press Enterprise Co. v. Superior Court (Press Enterprise II), 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (finding right of access to pretrial hearings, and noting that First Amendment scrutiny must be applied); El Vocero de Puerto Rico v. Puerto Rico, 508 U.S. 147, 113 S.Ct. 2004, 124 L.Ed.2d 60 (1993) (closure of preliminary hearing was unconstitutional).

Consistent with these decisions, federal courts, including the Eleventh Circuit, have repeatedly made clear that court proceedings and records should only be sealed in the most extraordinary circumstances. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). See also Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983) (public access to court records, "like the right to attend judicial proceedings, is important if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.").

Pursuant to this well-established law, courts have repeatedly recognized that materials filed with the court in connection with pretrial motions may not be sealed unless a very high standard of proof is met. See, e.g., Associated Press v. United States District Court, 705 F.2d 1143 (9th Cir. 1983) (holding that in a criminal case "the public and press have a First Amendment right to pretrial documents in

4

general"). As the Eleventh Circuit recently explained in a criminal case involving "a high ranking member of the Medellin drug cartel," a district court may only seal records if a party can overcome the presumption of openness by showing "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." United States v. Ochoa-Vasquez, 428 F.3d 1015, 1028 (11th Cir. 2005) (quoting Press-Enterprise I, 464 U.S. at 510). In reversing and remanding the seal orders in Ochoa-Vasquez, the Eleventh Circuit further explained that [w]hen sealing proceedings or documents, a district court must articulate the overriding interest "along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." Id. at 1028.

Given this well-established law, it is not surprising that appellate courts have been particularly critical of protective orders that sweep beyond the exchange of records between the parties in discovery and instead seek to seal records when they are filed with the Court. As the Ninth Circuit explained such "blanket" protective orders "impermissibly reverse the 'presumption of openness' that characterizes criminal proceedings" and amount to a "total restraint on the public's first amendment right of access." Associated Press, 705 F.2d at 1147. See also United States v. Corbitt, 879 F.2d 224, 228 (7th Cir. 1989) ("The public's right to inspect judicial records may not be evaded by a wholesale sealing of court papers. Instead, the district court must be sensitive to the rights of the public in determining

whether any particular document, or class of documents, is appropriately filed under seal."); Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 161-62 (3d Cir. 1993) ("We must rely in the first instance on district courts to protect the legitimate public interest in filed materials from overly broad and unjustifiable protective orders agreed to by the parties for their self-interest.").

## II. The Government's Proposed Protective Order for Classified Information Must Be Modified to Comport With Well-Established Access Principles.

To its credit, the Government's proposed protective order for materials containing classified information takes several steps to honor the presumption of public access that applies to this and every criminal case.

Although the order requires that all defense filings be initially filed under seal with the Court Security Officer, the order obligates the CSO to ensure that the portion of the document [containing classified information], *and only that portion,* . . . remains under seal." Government Proposed Order at ¶ 15. "All portions of all papers filed by the defense that do not contain classified information shall be immediately unsealed by the CSO and placed in the public record." Id. at ¶ 15. Similarly, when the Government files a document containing classified information, it is obligated to "file with the Clerk of Court, a redacted, unclassified version" of any such filing. Government's Proposed Classified Protective Order at ¶ 16.

Where the Government's proposed order goes astray is in its failure to add important constitutionally-mandated provisions that give practical force to the presumption of openness.

At a minimum, the Order must incorporate a provision that recognizes that the Court, as an independent third branch of government, has a responsibility to review the sealed filings to make sure the process of designating and redacting "classified" information is not overwhelming the constitutional presumption of access to court records. As courts have repeatedly held, neither CIPA nor the executive branch's classification system can usurp the constitutional role of the judiciary in protecting First Amendment rights of access to court proceedings and records. See generally Moussaoui, 65 Fed. Appx. at 887 ("CIPA alone cannot justify the sealing of oral argument and pleadings . . . Rather we must independently determine whether, and to what extent, the proceedings and documents must be kept under seal."); In re Washington Post Co., 807 F.2d at 393 (the district court must conduct a constitutional inquiry even when CIPA applies because "the district court may not simply assume that Congress has struck the correct constitutional balance."); United States v. Poindexter, 732 F. Supp. 165, 167 n. 9 (D.D.C. 1990) ("CIPA obviously cannot override a constitutional right of access.").

Consistent with this well-established authority, the Court should insert into the Order the following provision:

> In accordance with its duty to independently examine the Government's redactions, the Court will carefully compare the redacted version of each pleading or other document to the unredacted version to ensure that the redactions are no greater than is necessary.

The language of this provision is taken directly from the Fourth Circuit's decision in Moussaoui. See Moussaoui, 65 Fed. Appx. at 888. See also United States v. Pelton, 696 F. Supp. 156, 159, n.2 (D. Md. 1986) (endorsing a similar procedure).

The second principle that must be incorporated into the order is a provision that requires the CSO to provide redacted versions of sealed pleadings on a timely basis. Courts have repeatedly recognized that delayed access to filings frustrates the very purpose of an open court system because the public obtains information after its relevance to the case has passed. See, e.g., Associated Press, 705 F.2d at 1147 ("It is irrelevant that some of these pretrial documents might only be under seal for, at a minimum, 48 hours under the [challenged] order. The effect of the order is a total restraint on the public's first amendment right of access even though the restraint is limited in time."); In re Associated Press, 172 Fed Appx. 1 (4th Cir 2006) (reversing district court in Moussaoui for ordering that admitted trial exhibits would not be disclosed to the media until trial proceedings were completed).

During the pretrial phase in Moussaoui, the district court required the Government to release redacted version of Moussaoui's *pro se* pleadings within ten days of their filing. See September 27, 2002 Order [Docket No. 579], United

States v. Moussaoui, Crim. No. 01-455-A (E.D. Va.). Here, especially given that defendants are not proceeding *pro se*, but rather are represented by premier defense counsel who will be made well aware of what is classified information, it is more than reasonable to require the Government, through the CSO, to release redacted filings within 10 days. Accordingly, Intervenors request that a provision imposing such a deadline be added to the Government's proposed order.

Finally, the order in several places makes vague references to the trial of this case. See, e.g., Order at ¶ 3, ¶ 6. Any imputation that there can be limits on access to the trial in this case is fundamentally beyond the scope of the protective order and CIPA itself. Indeed, the very purpose of CIPA is to enact a procedural system where the Government is made aware of, and can potentially substitute certain less sensitive information for, classified materials that must be disclosed to the defendant for use at trial. The presumption of the entire Act – and this is not surprising given our constitutional commitment to public trials – is that any trial, including the evidence submitted therein, will be public. Nothing in this order should be construed to suggest otherwise. See, e.g., In re Washington Post Co., 807 F.2d 383 (4th Cir. 1986) ("blind acceptance of the government's insistence on the need for secrecy . . . would impermissibly compromise the independence of the judiciary and open the door to possible abuse").

### III. The Proposed Protective Order for Unclassified Information Utterly Ignores the Applicable Constitutional Standards.

While the proposed classified protective order at least shows some degree of deference to the constitutional presumption of openness, the proposed unclassified protective order simply ignores this well-established law.

The proposed unclassified protective order sweeps far beyond the exchange of information in discovery and instead purports to require that all motions and filings made with the Court by either party that "quote, attach or refer to the contents of discovery materials" be filed under seal. See Government's Proposed Unclassified Protective Order at ¶ 11. This wholesale reversal of the presumption of openness is exactly what courts have consistently found violates the constitutional mandate that filings with the court be presumptively open. See, e.g., Associated Press, supra, 705 F.2d at 1147 (rejecting "blanket" protective order because it "impermissibly reverse[d] the 'presumption of openness' that characterizes criminal proceedings"). Indeed, the Eleventh Circuit has rejected similar such protective orders that effectively put all or virtually all of the docketed filings under seal. See, e.g., Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1017 (11th Cir. 1992) (vacating a district court's order sealing a record containing civil discovery material filed in support of a summary judgment motion,

10

stating that "[o]nce a matter is brought before the court for resolution, it is no longer solely the parties' case, but also the public's case").[1]

Apparently aware that such a sweeping seal order cannot stand up to constitutional limitations, the Government simply shifts its burden to the Court to attempt to honor the constitutional presumption of access. The proposed unclassified protective order states "[t]he Court shall subsequently determine, in a manner it deems appropriate, which portions, if any, of the sealed documents should be unsealed." Government's Proposed Unclassified Protective Order at ¶ 11. Not only is this reversal of the presumption of openness unconstitutional, it is plainly unworkable. The Court is not familiar with the contours of the government investigation. That is precisely why the burden rests squarely on the Government. In the absence of evidence from the Government establishing a particularized

---

[1] Not surprisingly, there is nothing in the authority cited by the Government in its sparse motion that supports transforming a protective order from one that controls the exchange of information between the parties into one that seals filings with the Court. See Government's Motion for Protective Order For Unclassified Discovery Material at 2-3. The Government repeatedly cites United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986), but that case did not authorize a sweeping seal on all filings with the court. To the contrary, at best, it can be read as limiting access to a single discovery bill because the document should never have been filed with the court in the first place. See Anderson, 799 F.2d at 1442 (holding that closure was permitted because a bill of particulars was improperly used to "facilitate voluntary discovery," *not* as an authentic supplement to the indictment). Neither Anderson nor any of the other authority cited by the Government suggests that discovery properly attached to substantive motions can nonetheless be sealed, much less sealed by a single sweeping decree from the Court at the outset of the case.

11

compelling basis for closure, it is constitutionally required to keep all records filed with the Court open, not closed.

In Moussaoui, the district court rejected a similar effort by the Government to shift its burden to the court. When the Court found sealing of all of Moussaoui's *pro se* pleadings was not constitutionally justified, the Government proposed that the district court be responsible for redacting such pleadings to ensure that he was not using his pleadings to communicate to al Qaeda. Not surprisingly, the district court rejected this approach, finding it was "not qualified" to make such a determination and that the Government was the party with direct access to the "intelligence community." See September 27, 2002 Order, U.S. v. Moussaoui, No. 1:06-CR-147 (E.D. Va.) (granting media intervenors motion for access to certain portions of the record) (available at docket no 579 at http://www.vaed.uscourts.gov/notablecases/moussaoui/ ). Accordingly, the district court required the Government to file a brief and proposed redactions within ten days each and every time it proposed to limit access to a potential defense filing. Id. at 3.

The Court should reject the Government's proposed protective order for unclassified materials because it impermissibly attempts to seal virtually all future filings in this case even when they will not involve classified information. There is no legal authority that supports such a sweeping reversal of the presumption of openness and the Government cannot shirk its responsibility to honor that

presumption by leaving it in the Court's "lap." As in every criminal case, if the Government wants to seal a record to be filed with the Court, it must overcome the presumption of openness by providing the Court with particularized evidence that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." Ochoa-Vasquez, 428 F.3d at 1028.

## CONCLUSION

For the reasons stated herein, Movants respectfully requests that the Government's Motions for Protective Orders be denied to the extent described above.

This 25th day of September, 2006.

                              Respectfully submitted,

                              DOW LOHNES PLLC

                              By: _____
                                  Peter C. Canfield
                                    Georgia State Bar No.: 107748
                                Thomas M. Clyde
                                    Georgia State Bar No.: 170955
                                Matthew D. Crawford
                                    Georgia State Bar No: 190109

                              Attorneys for Intervenors The Atlanta
                              Journal-Constitution, Associated Press,
                              CNN and WSB-TV

Six Concourse Parkway
Suite 1800
Atlanta, GA 30328-6117
(770) 901-8800

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1.B and 7.1 of the Northern District of Georgia, that the foregoing Response was prepared in 14-point Times New Roman font.

This 25th day of September, 2006.

_____
Thomas M. Clyde

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25th, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and which will be electronically notified to all counsel of record and is available for viewing and downloading from the Court's CM/ECF system by all counsel of record.

_____
Thomas M. Clyde