IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA, )
) CRIMINAL ACTION FILE
v. ) NO. 1:06-CR-147-CC-GGB
)
EHSANUL ISLAM SADEQUEE, and )
SYED HARIS AHMED )
______________________________)

DEFENDANTS' REQUEST FOR A BILL OF PARTICULARS

Defendants, Ehsanul Sadequee and Syed Haris Ahmed, move the court to order the government to provide a Bill of Particulars, as provided by Rule 7(f), Fed.R.Crim.P., and the Due Process Clause of the Fifth Amendment, to enable the defendants to prepare for trial, to eliminate the possibility of trial by ambush, and to prevent the possibility of successive prosecutions for the same conduct. *See generally United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987); *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988); *United States v. Thevis*, 474 F.Supp. 117 (N.D.Ga. 1979); *United States v. White*, 753 F.Supp. 432 (D.Conn. 1990); *United States v. Madeoy*, 652 F.Supp. 371 (D.D.C. 1987).

In this case, where portions of the discovery will be supplied to the defense - and in some cases to the defense attorneys, but not the defendant himself - under the provisions of CIPA, and where otherwise discoverable material will not be furnished to the defense *at all*, it is no answer that whatever

additional information the defendant needs, he can ascertain from the discovery. This tried and true response from the government insufficiently assures that the goals of Rule 7(f) are met, given the fact that the government has staked out the position that Rule 16 takes a back seat to the need to preserve classified information; *Brady* information may be provided in a "substitute form" and other discoverable information that would routinely be provided in a criminal case will not be shared with the defense in this case.

This is not to suggest that a Bill of Particulars is being sought to achieve de-classification of information would otherwise be classified. The government may choose to provide some, or even all, of its Bill of Particulars under seal, or perhaps even in a form covered by one of the two protective orders in this case.

Consequently, this court should consider this request for a Bill of Particulars not as a typical boilerplate request from the defense, but as a unique request that reflects the unique character of this prosecution and the unusual limitations on discovery that set this case apart from others.

Moreover, the typical response from the government, "The indictment alleges an offense and all material allegations are

contained therein" fails to justify the denial of a Bill of Particulars. *United States v. Debrow*, 346 U.S. 374, 378 (1953).

The particulars sought by the defense will enable him to investigate the charges and prepare a defense. To some extent, the particulars that are requested, seek to narrow (or elaborate) on the precise nature of the allegation. To some extent, the particulars that are requested seek to determine the identities of other persons, dates of occurrences, or places where events are alleged to have occurred. Each of these requests is permissible and the court is authorized to require the government to furnish a Bill of Particulars for each of these requests.

Bills of Particulars requesting the names of co-conspirators, to the extent they were known to the government, have been routinely granted to the defense and must be provided pursuant to the standing discovery order in this court. See *United States v. Oakar*, 924 F. Supp. 232 (D.D.C. 1996), *United States v. Mannino*, 480 F. Supp. 1182 (D.C.N.Y. 1979), *United States v. Chovanec*, 467 F. Supp. 41, 46 (S.D.N.Y. 1979), *United States v. King*, 49 F.R.D. 51, 53 (S.D.N.Y. 1970), *United States v. Taylor*, 707 F. Supp. 696, 700 (S.D.N.Y. 1989), *United States v. Feola*, 651 F. Supp. 1068 (S.D.N.Y. 1987).

Requests have also been granted as to specifics of the alleged overt acts, in order to allow for adequate defense

preparation and to avoid unfair surprise. *See United States v. Ahmad*, 53 F.R.D. 194, 201-204 (E.D. Pa. 1971) (directing the government to provide the dates and names of persons present at meetings which constituted an overt act, the precise location of three offices relevant to another overt act, and the destination of the defendants relevant to another overt act); *United States v. Anderson*, 368 F. Supp. 1253, 1263 (D. Md. 1973) (bill of particulars granted requiring the government to provide the time and places of the overt acts which it intended to prove at trial).

To the extent that the government knows the identities of alleged victims of a murder conspiracy, it is appropriate that they provide these names to the defense through a Bill of Particulars. *See United States v. Wilson*, 2006 U.S. Dist. LEXIS 47996 (S.D.N.Y. 2006).

Defendants are entitled to know specifically by what manner and means they were alleged to have conspired. In a case involving violations of the Sherman Act, for example, the court ruled the defendants were entitled to know by what manner and means they were alleged to have fixed prices. *United States v. Tedesco*, 441 F. Supp. 1336, 1341 (E.D. Pa. 1977). Where the defendant was charged with conspiracy to violate tax laws, the court ruled he was entitled to a bill of particulars as to the

exact date he had transported liquor, to whom he transferred the liquor, and the date of purchase of certain containers. *United States v. Williams*, 309 F. Supp. 32 (N.D.Ga. 1969).

The indictment fails to specify which subsection of 18 U.S.C. § 956 is alleged to have been violated. This information should be supplied in the bill of particulars for two reasons, first the penalties proscribed by § 956 (a)(2) vary depending on whether the conspiracy was to murder, kidnap, or maim, and second, if § 956(b) is alleged, the government is required to specify the property to be destroyed or damaged. See *United States v. Johnson*, 738 F.Supp. 591, 593 (D. Mass. 1990) (noting that Congress intended to require the property be described definitely and with a reasonable degree of specificity so as to delimit the breadth of the statute).

**COUNT ONE**

Paragraph 1

1. Identify by name and other identifying information that is available, including address, phone number, occupation, all known alleged co-conspirators.

2. Identify to the extent possible (even if not entirely identifiable, or known) all alleged "unknown" co-conspirators. For example, if the government contends that a person who called the defendant on the telephone is a co-conspirator, but that

person is "unknown", then the government should be required to state that "the person who called the defendant on January 1, 2005 at 6:00 a.m., whose identity is unknown, is alleged to be a co-conspirator."

3. Identify all "material support" that is alleged by the government to have been the subject of the conspiratorial agreement to provide in an effort to carry out a violation of § 956 and § 2332b.

4. Identify all "resources" that are alleged by the government to have been the subject of the conspiratorial agreement to provide in an effort to carry out a violation of § 956 and § 2332b.

5. Identify what was concealed and disguised - specifically - as alleged in ¶ 1. That is, what material support and what resources were concealed or disguised; or what did the conspiratorial agreement envision concealing or disguising.

6. Specify which subsection of § 956 the government alleges was the object of the conspiracy. Identify the people who were the object of the conspiracy to kill, kidnap, maim, or injure and identify the property that was subject to being damaged in a foreign country. Also, identify the foreign country in which the property or people were located.

7. Identify the foreign country in which the people were supposedly to be killed, maimed or injured and the property was to be damaged.

Paragraphs 5 - 43

8. Identify the "other" manner and means by which the conspiracy sought to accomplish the purposes of the conspiracy (¶ 5).

9. Identify the "other supporters of violent jihad" and identify the foreign countries in which they were located (¶ 6).

10. Identify the "other supporters of violent jihad" with whom the defendants met in Toronto, Canada (¶ 8).

11. Identify the "other supporters" in ¶ 9.

12. Identify how the "casing video clips" were to be used "in support of violent jihad." (¶9).

13. State whether Younis Tsouli is alleged or believed to have shared, or transferred, the casing video clips with any other person, at any time and, if so, with whom, when, and where (¶ 9).

14. Identify the "elsewhere" referred to in ¶ 10.

15. Identify each "activity" in which Ehsanul Sadequee is alleged to have engaged in while in Bangladesh in support of violent jihad, as alleged in ¶ 11, including places, dates, and people with whom he is alleged to have been involved in these

activities, either as co-conspirators, aiders and abettors, or innocent participants.

16. Identify each "activity" in which Syed Ahmed is alleged to have engaged in while in the United States in support of violent jihad, as alleged in ¶ 12, including places, dates, and people with whom he is alleged to have been involved in these activities, either as co-conspirators, aiders and abettors, or innocent participants.

17. With regard to ¶ 13, provide specific dates, times and places where these events are alleged to have occurred (to the extent that they are not otherwise identified in the Overt Acts). Identify what statements were "false", to whom the statement was made, and the date, time and place of the statement. Identify the methods by which they supposedly concealed their communications, activities and plans from detection. Identify the disruption of the government authorities in the United States and elsewhere that is alleged to have occurred in ¶ 13.

18. Identify all "overt acts" known to the government that are independently criminal in nature that are not set forth in the Overt Acts section of Count One. That is, identify all substantive crimes committed by either defendant that is not otherwise identified as an overt act in Count One.

19. Identify “other supporters” and “co-conspirators” referred to in ¶ 15.

20. Identify the other known person in ¶ 17.

21. Identify “other supporters” and the “members of the group” in ¶ 20.

22. Identify each “communication” known to the government that occurred between Ehsanul Sadequee and Younis Tsouli as alleged in ¶ 25. Provide the date of the communication, the method of communication and the content of the communication.

23. With regard to the other video clips stored on Younis Tsouli’s computer (¶ 26), state whether these other clips are alleged to have been sent by either defendant in this case; reviewed by either defendant in this case; known to exist by either defendant in this case; or was ever described to either defendant in this case by Tsouli, or anybody else. In other words, please state what these other video clips have to do with either defendant in this case.

24. Identify the “elsewhere” that is referred to in ¶ 28.

25. Describe the alleged “activities” that are alleged to have been the object of Ehsanul Sadequee’s pursuit in Bangladesh, as alleged in ¶ 29.

26. Describe with more particularity what is meant by “in the lining of his suitcase” as alleged in ¶ 30. Also, identify

what the contents of both CD's were, to the extent that the government is aware of the contents.

27. Identify the alleged co-conspirators and "other supporters of violent jihad" with which Sadequee allegedly communicated between August 19, 2005 and April 20, 2006 as alleged in ¶ 32.

28. Identify all the misleading and false statements made by Ahmed, as alleged in ¶ 34.

29. Identify the "other persons" and "another individual" in ¶ 36.

30. Identify "another supporter" in ¶ 37.

31. Identify "another individual" in ¶ 38.

32. With regard to ¶ 40, identify the dates and the specific efforts that Ahmed undertook to detect and evade suspected surveillance by government authorities.

33. As to ¶ 41, identify the ways Ahmed attempted to conceal the true nature of Sadequee's, and his own discussions, activities and plans.

34. Identify the "efforts to evade surveillance" in ¶ 42.

**COUNT TWO**

35. Provide the same Bill of Particulars for this count as requested for Count One.

36. Identify the subsection of § 2332b that the government alleges was the object of the conspiracy in Count One and the substantive offense in Count Two.

**COUNT THREE**

37. Identify the personnel who were to be provided as alleged in ¶ 2, other than the two named defendants, if any.

Respectfully submitted this 2nd day of October, 2006.

/s/Donald F. Samuel
Georgia Bar No. 624475

Garland, Samuel & Loeb
3151 Maple Drive, N.E.
Atlanta, Georgia 30303
404/262-2225

/s/Stephanie Kearns
Georgia Bar No. 409950
/s/ Colin Martin Garrett
Georgia Bar No. 141751
ATTORNEYS FOR
EHSANUL ISLAM SADEQUEE

Federal Defender Program, Inc.
Suite 1700, The Equitable Bldg.
100 Peachtree Street
Atlanta, Georgia 30303
404/688-7530; FAX 404/688-0768
stephanie_kearns@fd.org

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant's Request for a Bill of Particulars is formatted in Courier 12 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

David Nahmias, Esq.
United States Attorney
Katherine Monahan, Esq.
Robert McBurney, Esq.
Assistant United States Attorneys
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303

John R. Martin, Esq.
500 Grant Building
44 Broad Street
Atlanta, Georgia 30303

This 2nd day of October, 2006.

/s/Stephanie Kearns
Georgia Bar No. 409950
ATTORNEY FOR
EHSANUL ISLAM SADEQUEE

Federal Defender Program, Inc.
Suite 1700, The Equitable Bldg.
100 Peachtree Street
Atlanta, Georgia 30303
404/688-7530; FAX 404/688-0768
stephanie_kearns@fd.org