IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO. 1:06-CR-147-CC-GGB |
| | : | |
| | : | |
| SYED HARIS AHMED and | : | REDACTED VERSION FOR |
| EHSANUL ISLAM SADEQUEE | : | PUBLIC FILING |

**GOVERNMENT'S FIRST CLASSIFIED MOTION FOR IN CAMERA CLASSIFIED
HEARING TO DETERMINE MATTERS UNDER SECTION 6 AND MOTION FOR ORDER
PURSUANT TO SECTIONS 6 AND 8 OF THE CLASSIFIED INFORMATION
PROCEDURES ACT**

[1]The United States, through its counsel, David E. Nahmias,
United States Attorney for the Northern District of Georgia, Robert
C.I. McBurney, Assistant United States Attorney, and Alexis L.
Collins, Trial Attorney, Counterterrorism Section, United States
Department of Justice, respectfully submits this classified in
camera motion for a classified in camera hearing to determine
matters under Section 6 of the Classified Information Procedures
Act, 18 U.S.C. App. III, (CIPA), and for an order pursuant to
Sections 6 and 8 of CIPA.

Specifically, the Government moves the Court, pursuant to
Section 6(a) of CIPA, to hold a classified in camera hearing on
September 24, 2007, at which the Court will make all determinations

---

[1] [CLASSIFIED INFORMATION REDACTED]

concerning the use, relevance and admissibility of certain classified exhibits and testimony that the Government intends to offer in the evidentiary hearing on Defendant Ahmed's motion to suppress certain statements made to the FBI (Doc 29), scheduled for October 29, 2007, and/or at the trial of both Defendants. See CIPA § 6(a).

Should the Court determine that the classified material is admissible, the Government additionally moves, pursuant to Section 6(c) and 8 of CIPA, for: (1) authorization to offer the classified information into evidence as classified exhibits disclosed only to cleared defense counsel, cleared Court personnel and the jury, and to use the silent witness rule with respect to such classified exhibits; and (2) authorization to substitute corresponding unclassified summaries of the classified exhibits, in lieu of disclosure of the classified exhibits to the public or the Defendants.[2] In accordance with CIPA Section 6(c)(1) and pursuant to the request of the Assistant Attorney General, an in camera hearing should be held on the Government's motion under Section 6(c) and 8 of CIPA.

In support of these requests, the Government has filed with

---

[2] The Government anticipates using unclassified substitutions at the October 29, 2007, evidentiary hearing. However, at trial, it may be necessary to employ the silent witness rule for some of the classified items at issue in this motion. Thus, the Government is seeking authorization for both methods of presenting the classified information.

2

the Court and served on cleared defense counsel, through the Court Security Officer, this classified in camera motion.  In accordance with CIPA Section 6(b), the Government has separately filed with the Court and served on cleared defense counsel, also through the Court Security Officer, a notice identifying the specific classified information at issue (which includes copies of the original information as exhibits).[3]  The Government has also filed with the Clerk of Court an unclassified version of the classified in camera motion and notice, redacted of all classified information and classification markings.

In support of the Government's request that the CIPA Section 6(a) and 6(c) hearings be conducted in camera, the Government has filed with the Clerk of Court an unclassified affidavit of Kenneth L. Wainstein, the Assistant Attorney General for the National Security Division, exercising the authority of the Attorney General for this purpose pursuant to CIPA Section 14 (hereafter "Wainstein Affidavit").    The  Assistant  Attorney  General's  affidavit references, for the Court's ex parte, in camera consideration in accordance with CIPA Section 6(c)(2), certain paragraphs in the Second Ex Parte, In Camera Declaration of Joseph Billy, Jr., that was previously filed with the Court, through the Court Security

---

[3]  The Government will provide copies of the proposed substitutions for the classified exhibits prior to the CIPA Section 6(c) hearing scheduled for September 24, 2007, so that the Court and defense counsel have an opportunity to review them.

Officer, on March 30, 2007 (hereafter "Second Billy Declaration").
For the Court's convenience, the Government has provided an
additional copy of this declaration as an ex parte exhibit to the
Wainstein Affidavit.

## RELIEF REQUESTED

CIPA provides various procedures that must be used during the
course of a criminal prosecution that involves classified
information, including a procedure outlined in Section 6 by which
the Court may make a pretrial ruling on the use, relevance and
admissibility of classified information at trial or pretrial
proceedings and authorize the use of unclassified substitutions for
such classified information. See United States v. Anderson, 872
F.2d 1508, 1514 (11th Cir. 1989). Often, the Government invokes
Section 6 in response to the requisite notice from the defendant,
made pursuant to CIPA Section 5, of the defendant's intention to
disclose classified information in a trial or pretrial proceeding.
See, e.g., id.; United States v. Badia, 827 F.2d 1458, 1465 (11th
Cir. 1987). The Government, however, may also invoke CIPA Section
6 in order to obtain a pretrial ruling on classified information
that the Government intends to use and authorization to use
substitutions for such information. See, e.g., United States v.
Marzook, 412 F. Supp. 2d 913, 917-18 (N.D. Ill. 2006).

[CLASSIFIED INFORMATION REDACTED]

4

## A.   Request for In Camera Classified Hearing under CIPA Section 6(a)

[CLASSIFIED INFORMATION REDACTED]

Section 6(a) provides that, upon the Government's request, the Court "shall" conduct a hearing.  Id.  The statute further requires the Court to hold any such hearing in camera if the Attorney General files a petition certifying that a public proceeding may result in the disclosure of classified information.[4] Id.  In this case, the Assistant Attorney General, National Security Division, exercising the authority of the Attorney General pursuant to Section 14 of CIPA,[5] has filed an affidavit certifying that a public proceeding may result in the disclosure of classified information.  See Wainstein Affidavit ¶ 7.  Therefore, the Court

_____

[4] The Government has a "'compelling interest' in withholding national security information from unauthorized persons in the course of executive business." Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988) (citations omitted).  As the Supreme Court has repeatedly stressed, courts should be especially "reluctant to intrude upon the authority of the Executive in . . . national security affairs."  Id. at 530.  Accordingly, courts have recognized that the determination of whether to classify information and the proper classification thereof is a matter committed solely to the Executive Branch: "The Government . . . may determine what information is classified.  A defendant cannot challenge this classification.  A court cannot question it." United States v. Smith, 750 F.2d 1215, 1217 (4th Cir.), vacated on other grounds, 780 F.2d 1102 (4th Cir. 1985); United States v. Aref, No. 04-CR-402, 2006 WL 1877142, at *1 (N.D.N.Y. 2006); United States v. Musa, 833 F.Supp. 752, 755 (E.D. Mo. 1993).

[5] Section 14 of CIPA permits the Attorney General to designate an Assistant Attorney General to exercise his functions and duties under CIPA.

should order that this hearing shall be held <u>in</u> <u>camera</u> and in the presence of only those individuals authorized to access classified information in this case under the Protective Order Regarding Classified Information (Doc 160) and with a need to know the information to be discussed.

The Defendants should not be permitted to attend the hearing because they do not have a security clearance and thus are not authorized to receive or review classified information. Moreover, this is not the type of hearing at which the Defendants' presence is required. <u>See</u> Fed. R. Crim. P. 43(a). Rather, this hearing involves only questions of law, <u>i.e.</u>, whether the classified information is admissible and whether the Government's proposed substitutions satisfy the standard under CIPA Section 6(c)(1). <u>See</u> Fed. R. Crim. P. 43(b) (providing that defendant need not be present at proceedings only involving questions of law).

Indeed, courts have routinely excluded criminal defendants from sensitive proceedings, including those involving determinations of factual issues. <u>See</u>, <u>e.g.</u>, <u>United States v. Singh</u>, 922 F.2d 1169, 1173 (5th Cir. 1991) (affirming exclusion of defendant during testimony in a hearing that identified a confidential informant); <u>United States v. De Los Santos</u>, 819 F.2d 94, 95-98 (5th Cir. 1987) (same, following <u>United States v. Anderson</u>, 509 F.2d 724 (9th Cir. 1975)); <u>United States v. Miller</u>, 480 F.2d 1008, 1010 (5th Cir. 1973) (affirming exclusion of

6

defendant during testimony in a suppression hearing that revealed details of the Federal Aviation Agency's criteria for selecting passengers for pre-flight security checks); United States v. Bell, 464 F.2 667, 669-72 (2d Cir. 1972) (same and noting that this procedure was also used in United States v. Lopez, 328 F. Supp. 1077 (E.D.N.Y. 1971)); United States v. Marzook, 435 F. Supp. 2d 708, 714 (N.D. Ill. 2006) (holding limited portions of a suppression hearing involving classified information ex parte, in camera pursuant to CIPA); see also Kentucky v. Stincer, 482 U.S. 730, 732, 745-46 (1987) (upholding exclusion of defendant from a pretrial hearing to determine the competency of two child witnesses against whom he was accused of committing sex crimes).

[CLASSIFIED INFORMATION REDACTED]

Furthermore, as in those cases, exclusion of the Defendants from the requested CIPA Section 6 hearing neither interferes with their right to present a defense and cross examine witnesses, see Stincer, 482 U.S. at 740, nor is fundamentally unfair, id. at 745. The Court and cleared defense counsel will be able to observe the demeanor of the Government's witnesses who will testify at the hearing. Cleared defense counsel also will have full opportunity to cross-examine the Government's witnesses, to litigate the use of the proposed procedures (i.e., substitutions and silent witness rule), and challenge the sufficiency of the Government's proposed substitutions. See Stincer, 482 U.S. at 744; Singh, 922 F.2d at

7

1173. <u>Miller</u>, 480 F.2d at 1010; <u>Bell</u>, 464 F.2d at 671. Moreover, none of the issues that will be resolved at the Section 6(a) and (c) hearing pertain to the Defendants' guilt or innocence. <u>See</u> <u>Singh</u>, 922 F.2d at 1173; <u>Bell</u>, 464 F.2d at 671.

**B.   <u>Request for In Camera Hearing Under CIPA Section 6(c)</u>**

[CLASSIFIED INFORMATION REDACTED]

Under CIPA Section 6(c)(1), if the Court determines that specific classified information may be disclosed at trial or at a pretrial proceeding, the Government may request authorization for a substitution to be used in lieu of the specific classified information.  In response, the court may order:

> (A) the substitution for such classified information of a statement admitting relevant facts that the specific classified information would tend to prove; or
>
> (B) the substitution for such classified information of a summary of the specific classified information.

CIPA § 6(c)(2). The court "shall" hold a hearing on any motion under Section 6(c) and, if the Attorney General requests, the hearing must be held <u>in camera</u>. <u>Id.</u>

Here, the Court should hold a classified <u>in camera</u> hearing to resolve the Government's motion under Section 6(c) pursuant to the Assistant Attorney General's request. <u>See</u> Wainstein Affidavit ¶ 8. For the same reasons explained above regarding the Section 6(a) hearing, the classified <u>in camera</u> hearing under Section 6(c) should

also be conducted outside the presence of the Defendants.

## MATTERS TO BE ADDRESSED AT THE SECTION 6(a) AND (c) HEARINGS

### A.    Admissibility of the Government's Proposed Exhibits

[CLASSIFIED INFORMATION REDACTED]

Determinations regarding the admissibility of classified information are governed by the Federal Rules of Evidence. Anderson, 872 F.2d at 1514.  Rule 402 provides that "all relevant evidence is admissible," subject to certain limitations under applicable law.   Rule 401 states that relevant evidence is "[e]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."

Section 8(a) of CIPA allows classified exhibits to be admitted without changing their classification status.   Therefore, the Government requests that the classified exhibits be admitted into evidence under seal.

### B.    Use of the Silent Witness Rule for Classified Exhibits

In order to facilitate the introduction into evidence of the classified information contained in the Government's proposed exhibits, the United States moves the Court to allow their admission pursuant to the "silent witness rule."[6]

---

[6] Again, the Government does not foresee using the silent witness rule in the upcoming evidentiary hearing on Defendant Ahmed's motion to suppress certain statements made to the FBI (Doc

9

Under the silent witness rule:

> the witness would not disclose the information from the classified document in open court. Instead, the witness would have a copy of the classified document before him. The court, counsel and the jury would also have copies of classified document. The witness would refer to specific places in document in response to questioning. The jury would then refer to the particular part of the document as witness answered. By this method, the classified information would not be made public at trial but the defense would be able to present that classified information to the jury.

United States v. Zettl, 835 F.2d 1059, 1063 (4th Cir. 1987). Thus, if this procedure is employed at trial or other pretrial public proceedings, the United States will be able to present classified exhibits to the factfinder without disclosing the contents of the exhibits to the public or other uncleared individuals, including the Defendants.

[CLASSIFIED INFORMATION REDACTED]

For these reasons as well, use of the silent witness rule in this case is in no way equivalent to closing the trial. Even if it were so considered, however, the silent witness rule does not infringe on the public's or the Defendants' right to an open trial. See Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510 (1984) (public's First Amendment right); also Waller v. Georgia, 467 U.S. 39, 44-47 (1984) (applying same standard to defendant's Sixth Amendment right). The Second Billy Declaration,

---

29); rather, this procedure may be necessary in a trial setting.

describing with particularity the harm to national security that would ensue from public disclosure of the classified evidence, provides ample basis for concluding that the Government's interest in preventing such disclosure is "overriding."   The procedures outlined are narrowly tailored to protect this compelling national security concern and pertain to an extremely limited set of information.   There is no viable alternative that would adequately protect the Government's national security interest while allowing the classified evidence to be used.   Thus, the Court has ample basis to make the necessary determinations under Press-Enterprise and its progeny.

## C.   Use of Substitutions for Classified Exhibits

The Government also seeks to offer a corresponding unclassified substitution for each classified exhibit.[7]   As explained above, these proposed substitutions will be provided to the Court and defense counsel in advance of the September 24, 2007, CIPA Section 6 hearing.

Under CIPA, the Government's motion for substitutions must be granted if the Court finds that the statement or summary "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."   CIPA § 6(c)(1).   Congress has made clear that this

---

[7] [CLASSIFIED INFORMATION REDACTED]

11

standard does not require "precise concrete equivalence" between the original classified information and the substituted statement or summary.    H.R. Conf. Rep. No. 96-1436, at 12-13 (1980), reprinted in 1980 U.S.C.C.A.N. 4307, 4310-11 (hereafter "House Report").    Rather, the Court should consider whether receiving the substitution rather than the original documents will "materially disadvantage the defendant," United States v. Moussaoui, 382 F.3d 453, 477 (4th Cir. 2004), "bear[ing] in mind" the classified nature of the information and the damage to the national security of the United States from public disclosure, United States v. Juan, 776 F.2d 256, 258 (11th Cir. 1985).    See also Zettl, 835 F.2d at 1067 (noting that national security concerns should be considered under Section 6(c)).

Thus, the fact that "insignificant tactical advantages" could accrue to the Defendants by use of the specific classified information should not preclude the Court from authorizing the use of a substitution.    House Report at 12-13, 1980 U.S.C.C.A.N. at 4310-11.    Likewise, a summary or substitution should not be rejected simply because the defense could argue that it lacks the "evidentiary richness" or "narrative integrity" of the classified information in its original form.    See United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998).

In addition, a defendant cannot challenge a substitution on the ground that it goes beyond what is necessary to protect

12

Case 1:06-cr-00147-ELR-GGB    Document 219    Filed 09/21/07    Page 13 of 15

national security: "[w]hat may appear to the court to be innocuous may be dangerously revealing to those more informed." Juan, 776 F.2d at 258-59.    Rather, "the government is the party to propose Section 6(c) alternatives.    The court may find that a Section 6(c) alternative . . . will provide the defendant with his defense, even though the defendant might rather threaten his prosecutor with the disclosure of more detail."    Id. at 259.

The Government submits that, under this standard, the proposed substitutions will provide the Defendants with substantially the same ability to make their defense as would disclosure of the specific classified information.    Accordingly, the Court should authorize the Government to admit as a public exhibit each proposed unclassified substitution which corresponds to a classified exhibit that is determined to be admissible.

D.    **Limitations on Cross Examination of Government Witnesses**

Under CIPA Section 8(c), the Government may object and seek to preclude disclosure if defense counsel asks a question of a witness at a public hearing that would elicit a response containing classified information.    Following such an objection, the court must take appropriate action to determine whether the response is admissible "as will safeguard against the compromise of any classified information."    CIPA § 8(c).

In order to ensure that classified information is not inadvertently elicited during direct or cross examination of any

13

witness at a public hearing and that classified information is not inadvertently suggested by questions asked by defense counsel on cross-examination at a public hearing, the Government moves the Court to order counsel for both the Government and the Defendants not to knowingly ask questions which would tend to reveal classified information, unless such information has been previously addressed by the silent witness rule or substitutions. Additionally, the Government requests that the Court order counsel for both sides to instruct each witness at a public hearing who could disclose classified information not to do so. To facilitate any determination that the Court may need to make with respect to this issue, the Government will inform the Court of certain categories of questions which could lead to the inadvertent disclosure of classified information and offer substitutions of terminology that should allow counsel to effectively examine and cross examine witnesses at trial or other public proceedings.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court hold in camera hearings pursuant to CIPA Sections 6(a) and 6(c) to address the above-described matters. It is further requested that, following such hearings, the Court order that:

14

(1)   the   Government's   proposed   classified   exhibits   are
admissible,  pursuant  to  the  Federal  Rules  of  Evidence  and
applicable law;

(2)  the  proposed  classified  exhibits  may  be  admitted  under
seal, pursuant to CIPA;

(3)  the  parties  may  use  the  "silent  witness  rule"  at  public
proceedings involving the proposed classified exhibits;

(4)   the   Government's   proposed   unclassified   substitutions
provide the Defendants with substantially the same ability to
make   their   defense   as   would   disclosure   of   the   specific
classified exhibits;

(5)  the  Government's  proposed  unclassified  substitutions  may
be admitted; and

(6)  direct  and  cross  examination  of  witnesses  concerning  these
exhibits  shall  be  limited  in  all  public  proceedings  to  prevent
inadvertent disclosure of classified information.

In addition, the Court should order that the record of the in

camera hearing be sealed and preserved for use in the event of an

appeal.  See CIPA § 6(d).

                                        Respectfully submitted,

                                        /s/DAVID E. NAHMIAS
                                        UNITED STATES ATTORNEY
                                        GA Bar No. 534106

                                        /s/ROBERT C.I. McBURNEY
                                        ASSISTANT UNITED STATES ATTORNEY
                                        GA Bar No. 481070

                                        /s/ALEXIS L. COLLINS
                                        TRIAL ATTORNEY CTS-DOJ
                                        Washington, D.C. Bar No. 474599

                                        600 U.S. Courthouse
                                        75 Spring Street, S.W.
                                        Atlanta, GA 30303
                                        V: 404-581-6000
                                        F: 404-581-6181