IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL CASE NO.: |
| v. ) | |
| ) | 1:06-cr-00147-ELR-GGB |
| EHSANUL ISLAM SADEQUEE, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO MODIFY CONDITIONS
## OF SUPERVISED RELEASE

EHSANUL SADEQUEE was convicted of providing material support to a terrorist organization in 2009. He had served over three years in solitary confinement prior to his conviction. He served an additional eleven years in prison after his conviction and is now serving a period of supervised release that is scheduled to last 30 years (D.E. 622).

One condition of his supervised release, as prescribed by Judge Duffey, is that he may not have access to, or use in any way, the Internet. That prohibition lasts for thirty years (D.E. 622)

Undeniably, his offense was committed in part through his communications with others over the Internet. Thus, prohibiting use of the Internet is a form of additional punishment. Yet, his crime also involved the use of the telephone. It would surely be viewed as unreasonable to outlaw the use of the telephone. His

1

offense also was committed in part by traveling by car to meet with his co-conspirator. Yet, it would surely be viewed as unreasonable to outlaw the use of a car.

Today, access to, and the use of the Internet is essential. Even prisoners have access to computers through which they conduct legal research and email with family and lawyers.

Mr. Sadequee requests that he be permitted to use the Internet for employment purposes, to facilitate communication with his probation officer (his probation officer, for example, requires that he submit his paychecks to her via email, which he can only do with the assistance of his sister), to matriculate in an online educational program (his probation officer prohibited him from enrolling in online college courses), to access GPS while driving (When was the last time anybody used a map for directions?), to stay in contact with his family (most of whom do not live in Atlanta) via email.

Barring all Internet access means: No looking at WebMd, or the Washington Post, or Amazon. No ordering groceries online. Cannot check the weather. Even those of us (undersigned counsel) who managed to live the first fifty years of our lives without the Internet, would be lost without access to the Internet.

Enrolling in a college course in person is a virtual impossibility, given course requirements that necessitate access to materials online. He is proficient in Arabic and has been asked to teach Arabic to students, but the offer requires that he teach, at least partially online.

Mr. Sadequee's co-defendant was granted the same relief that Mr. Sadequee is requesting.  1:06-cr-147 (DE 667, 670).  There is no basis to differentiate their circumstances.

Perhaps in 2009 when Judge Duffey imposed the sentence in this case, it might have seemed reasonable to impose a total ban on Internet access.  Yet, the words of Justice Kennedy should provide up-to-date guidance:

> While we now may be coming to the realization that the Cyber Age is a revolution of historic proportions, we cannot appreciate yet its full dimensions and vast potential to alter how we think, express ourselves, and define who we want to be. The forces and directions of the Internet are so new, so protean, and so far reaching that courts must be conscious that what they say today might be obsolete tomorrow. … Even convicted criminals—and in some instances especially convicted criminals—might receive legitimate benefits from these means for access to the world of ideas, in particular if they seek to reform and to pursue lawful and rewarding lives.

*Packingham v. North Carolina,* 137 S.Ct. 1730 (2017).

For the forgoing reason, Mr. Sadequee urges the Court to modify the terms of his supervised release to allow him access to the internet.

RESPECTFULLY SUBMITTED,

GARLAND, SAMUEL & LOEB, P.C.

3

/s/ *Donald F. Samuel*
DONALD F. SAMUEL
Ga. Bar No. 624475
*Counsel for Ehsanul Islam Sadequee*

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Phone: (404) 262-2225
Fax: (404) 365-5041
dfs@gsllaw.com

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

The undersigned attorney hereby certifies that the foregoing document, which was prepared in accordance with L.R. 7.1 using Times New Roman, 14-point font, was filed using the Court's CM/ECF portal, which will automatically send service copies to all counsel of record.

This 16th day of June, 2021.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL
Ga. Bar No. 624475

GARLAND, SAMUEL & LOEB, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Phone: (404) 262-2225
Fax: (404) 365-5041
dfs@gsllaw.com